**In re PIERCE.**

Court of Customs and Patent Appeals.
December 2, 1929.

Patent Appeal No. 2120.

J. T. Basseches, of New York City, and Paul Carpenter, of Washington, D. C., for appellant.

T. A. Hostetler, of Washington, D. C., for appellee.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

GRAHAM, Presiding Judge. Appellant appeals from the decision of the Board of Appeals of the Patent Office rejecting his claims for a patent upon an improvement in pipe couplings. Three contentions are made:

First. That claims 13 and 14 were improperly rejected.

Second. That the affidavit of Alfred H. Priebe, offered to support the said claims 13 and 14, was not considered.

Third. That claims 15 to 20 were not admitted and allowed.

The appellant filed his application for a reissue September 4, 1917. On February 17, 1925, patent No. 1,526,960 was granted to Brownell, on an application filed January 28, 1924. On June 10, 1925, appellant copied claims 3 and 4 of the patent to Brownell, which are claims 13 and 14 in issue here. These claims are as follows:

13. A pipe coupling comprising a bell-shaped coupling member, a shoulder on the inside of said member, a second coupling member extending into said first member, a gasket comprising a pair of spaced walls the end of one of which seats upon said shoulder and the other of which encircles the inner end of said second coupling member, an abutment on said second coupling member for the connected ends of said walls, and means holding said coupling members in swivel connection.

14. A pipe coupling comprising a coupling member, a second coupling member extending into the first one, a gasket comprising a pair of diverging integrally united walls, the outer one of which bears against the inner surface of the wall of said first coupling member and the inner one of which encircles the inner end of said second coupling member, a supporting shoulder integral with said first coupling member supporting the separated end of the outer wall of said gasket, an abutment integral with said sec-

ond coupling member for the united ends of both of said walls of said gasket, and means holding said two coupling members in the relationship aforesaid.

The apparatus shown by appellant's specifications, claims, and drawings is a device for a pipe coupling wherein is provided an expansible packing or gasket which is operated by the automatic action of the fluid pressure in the pipes, and which is arranged with its base in communication with the atmosphere to prevent the accumulation of pressure underneath the same. The examiner and the Board of Appeals both held that said claims 13 and 14, copied from Brownell, did not read upon appellant's disclosure; the particular point being that the gasket, which in claims 13 and 14 is said to be seated on, or to be supported by, a shoulder, as to one end, is not disclosed to be so seated or supported in appellant's specifications or drawings.

We agree with the Patent Office in this particular. An examination of Pierce's drawings and specifications shows that the gasket in question is placed in an annular chamber, its base supported upon the bottom of the chamber, with an intervening perforated washer. The top of the gasket is V-shaped. Above the gasket is an open space extending to the top of the chamber; the top of the chamber having a shoulder on the outside. The space above the gasket in the chamber is in communication with the interior of the pipe by means of perforations therein, by which pressure is transmitted into the annular chamber from the fluid in the pipe.

We are unable to see how the gasket might be said to be seated on, or to be supported by, the shoulder, in this annular chamber shown in applicant's drawings. The verb "seat" is thus defined by Webster's New International Dictionary, 1925:

"3. Mach. To fit correctly on its seat; said esp. of a valve."

Knight's American Mechanical Dictionary thus defines the noun "seat":

"1. Machinery. The part on which another thing rests, as a valve-seat."

Webster thus defines the verb "support":

"1. To bear the weight or stress of; to keep from sinking or falling; uphold; sustain; prop; as a pillar supports a structure; an abutment supports an arch."

■ This difficulty was attempted to be obviated by appellant in the Patent Office by the filing of the affidavit of one Alfred H. Priebe, who states, in brief, that, when pressure is applied upon the gasket, one side thereof might engage the inner flange of the annular chamber, and thus make the device equivalent to the Brownell structure. Even if this were admitted, such an imfringement would not constitute a seating or supporting, in our judgment. It is well stated by the Board of Appeals:

"It seems to be a sufficient answer to appellant's contention to point out that the right of a party to make a claim must be determined from the disclosure of the application in which it is sought to make the claim and not by a consideration of extraneous evidence."

■ This affidavit amounts to little more than an expression of opinion by Priebe as to the patentability of this device. It is therefore, in this respect, entitled to no weight. In re Garrett, 27 App. D. C. 19.

Appellant complains that he was not permitted to amend his claims by the addition of claims 15 to 20, inclusive. The applicant was under final rejection of July 28, by the terms of which he had 30 days to appeal. On August 12, he asked permission to enter said proposed claims 15 to 20. The Commissioner, on August 26, denied such permission, basing his refusal upon the stated fact that no sufficient reason was shown for reopening the case. The Board of Appeals held that it was bound by this decision. We are unable to see any reason why this decision of the Commissioner should be disturbed. The decision of the Board of Appeals is affirmed.

Affirmed.