## In re BAGER et al.

### Patent Appeal No. 2635.

Court of Customs and Patent Appeals.
March 25, 1931.

Rehearing Denied April 22, 1931.

Hoar & Ruhloff, of South Milwaukee, Wis. (Roger Sherman Hoar, of South Milwaukee, Wis., of counsel), for appellants.

T. A. Hostetler, of Washington, D. C. (Howard S. Miller, of Washington, D. C., of counsel), for the Commissioner of Patents.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

LENROOT, Associate Judge.

This is an appeal from a decision of the Board of Appeals of the United States Patent Office affirming a decision of the Examiner, rejecting all of the claims of appellants, nine in number. Claim 5 of the application is illustrative of the claims in issue, and reads as follows:

"5. In a power shovel, the combination of a boom, a dipper-handle capable of swinging movement in a substantially vertical plane, a dipper supported by the handle, a padlock-sheave for hoisting the dipper and located behind the rear wall of the dipper and entirely below the upper edge of the dipper backwardly extended, a pivot for the padlock-sheave, means carried by the handle for supporting said pivot, a sheave at the outer end of the boom, and a multiple-reach hoist cable passing over the sheave at the outer end of the boom and around the padlock-sheave."

The references are Burke, 1,529,392, March 10, 1925; Johnson, 1,391,737, Sept. 27, 1921.

The alleged invention in issue is described in the decision of the Board of Appeals as follows:

"The claims are directed to the location of the padlock-sheave in an otherwise old construction of power shovel mounting having the usual dipper handle, handle-end casing, and dipper. By locating the padlock-sheave below the upper edge of the dipper and behind the wall thereof, applicants claim they obtain greater digging range with a shorter boom, all of which is of especial advantage in tunnel work."

With regard to the references, the Board said:

"The patent to Johnson discloses substantially the type of dipper and dipper handle set forth in the claims but this reference is not relied upon to disclose the padlock-sheave mounted in the particular place with respect to the dipper which applicants state constitutes their invention.

"The patent to Burke does disclose the handle-end casting with the padlock-sheave mounted just above the end of the dipper handle in a position where a greater digging range with a shorter boom would be secured. It is not denied that most of the claims fail to define from the construction disclosed in this patent to Burke. Applicants press the view, however, and in support thereof have presented two affidavits of experts in this art, that the particular disclosure of Burke is impractical, due to the unwieldy part of the

dipper shown attached to the handle, and that the showing of the location of the padlock-sheave is accidental, and, therefore, the reference should be withdrawn. It is suggested on behalf of the applicants that a draftsman may have placed the padlock-sheave in the particular location shown. Certain decisions are cited by the applicants in support of their view that this reference does not anticipate the invention here claimed.

"It is deemed immaterial whether the draftsman of his own initiative located the sheave in the position shown in the Burke patent or whether he was directed to so locate it by Burke. The sole question is whether one skilled in the art seeing the disclosure of the Burke patent would understand that the sheave was to be located in the position there shown and whether, were such a construction built and operated, the advantages claimed to result from such location of the sheave would be secured. As we regard the Burke disclosure it is sufficient to anticipate the location of the sheave claimed by the applicants. If their construction has any advantages over that disclosed by Burke such construction is not recited in the claims. * * *"

Appellants' principal contention is that the showing by Burke in his drawing of the location of his sheave, relied upon by the Board as anticipating appellants' claims, was accidental, and that an accidental showing is, as a matter of law, no anticipation. They further contend that there is no analogy between Burke's device and that of appellants. [2] An affidavit of one Burke, the patentee of the Burke reference, is found in the record, but there is nothing in the record to show that it was offered in evidence or considered by the tribunals of the Patent Office in their determination of the case. The statute re-quires this court to review decisions of the Patent Office *on the evidence produced before the Patent Office tribunals.*

Upon oral argument it was stated by appellants' counsel, and admitted by the Solicitor for the Patent Office, that said affidavit was in fact offered in support of a motion for rehearing before the Board of Appeals.

However, from an examination of the Burke specification, we find that he makes no reference to the *positioning* of the sheave in question shown upon his drawing, and we think the positioning of said sheave was, as claimed by appellants, accidental.

The Board of Appeals, as heretofore shown, held that it was immaterial whether the draftsman of his own initiative located the sheave as shown in the Burke patent, or whether he was directed so to locate it by Burke, and that the only question was wheth-er one skilled in the art, seeing the drawing of the Burke patent, would conclude that the sheave was to be located in the position there shown, and whether, were such a construction built and operated, the advantages here claimed to result from such location would be secured.

We think the Board has correctly stated the law applicable to the question here involved.

Appellants insist that an accidental showing cannot, as a matter of law, be held to be an anticipation. In support of such contention, they cite the decision of this court in the case of In re Daniel, 34 F.(2d) 995, 999, 17 C. C. P. A. 605, and in the supplemental brief of their counsel, the following statement appears, referring to the opinion in said case:

"* * * Your Honors have now stated:

"'An accidental showing with no claim based thereon in the patent issued does not constitute an anticipation or disclosure which should preclude favorable action on appellant's claim covering this point.'"

The complete paragraph in said opinion from which the foregoing quotation was taken reads as follows:

"*Appellant has furnished us with numerous references to adjudicated cases to fortify his insistence that an* accidental showing with no claim based thereon in the patent issued does not constitute an anticipation or disclosure which should preclude favorable action on appellant's claim covering this point." (Italics not quoted.)

What this court did hold in the Daniel Case is disclosed in the following quotation from the opinion. After reciting the facts and discussing the authorities, the court, speaking through Judge Garrett, said:

"We are of opinion, therefore, and hold that, so far as that part of Figure 5 in the Dawson reissue No. 14,375, showing the over-hanging arm 11 and the ears and guide roller, or pulley therein, is concerned, it was an accidental showing of such a nature, *under all the facts of the case,* that it cannot be held to be anticipation of the later application of appellant Daniel, and there does not appear to be any conflict between the claims of Daniel in the instant case and that portion of Fig. 5 in Dawson reissue which relates to the locking of the pintle." (Italics not quoted.)

As to whether an accidental showing in a drawing is, or is not an anticipation of a

later invention depends generally upon the facts in each particular case. Without reviewing the authorities cited by the respective parties hereto, it is sufficient to say that they appear to establish the rule that an accidental showing in a prior patent does not anticipate a later invention where the thing so shown is not essential to the first invention, and was not designed, adapted, or used to perform the function which it performs in the second invention, and was neither intended nor appreciated by the patentee, and when the first patent contains no suggestion of the way in which the result sought is accomplished by the second inventor. Brill v. Third Ave. R. Co. (C. C.) 103 F. 289; Edison Electric Light Co. v. Novelty Incandescent Lamp Co. (C. C. A.) 167 F. 977; A. R. Mosler & Co. v. Lurie (C. C. A.) 209 F. 364; Munising Paper Co., Limited, v. American Sulphite Pulp Co. (C. C. A.) 228 F. 700.

We may assume for the purposes of this case that the position of Burke's sheave was not essential to his invention, and was not designed or used to perform the function which it performs in appellants' construction; but nevertheless, if the accidental showing of Burke of the position of his sheave clearly suggests to one skilled in the art the way in which the result sought is accomplished by appellants, it is immaterial, as held by the Board of Appeals, whether Burke's showing of the position of his sheave was accidental or intentional.

The law requires that, for a thing to be patentable to an alleged inventor, it must not have been "described in any printed publication in this or any foreign country for more than two years prior to his application." Description for the purposes of anticipation can be by drawings alone as well as by words. Jockmus v. Leviton (C. C. A.) 28 F. (2d) 812.

We think that the drawing of Burke clearly suggests that, by positioning the padlocksheave behind the rear wall of the dipper and below the top of that wall, all of the advantages claimed by appellants by reason of the position of the sheave would be secured.

While it is true that appellants' device has a multiple-reach hoist cable, and that of Burke does not, we do not regard this as material. We think that any person skilled in the art, realizing the desirability of permitting the bucket to be raised to the extreme height permitted by the boom, would, after seeing Burke's drawing, position the sheave as appellants have done, and therefore we conclude that appellants' disclosure, in view of the Burke reference, does not constitute invention.

We may add that, even without the Burke reference, it would be difficult for us to find invention in positioning the sheave as appellants have done, for the reason that, if it was desirable to raise the bucket to the extreme possible height permitted by the boom, it is apparent that the position of the sheave in the old construction of power shovels, as shown by the Johnson reference, would prevent it, and it would seem that it would not require any exercise of the inventive faculty to overcome the difficulty by lowering the position of the sheave, as appellants have done.

We are not unmindful of the earnest contention of appellants' counsel that, although this may seem obvious now, after the problem has been solved, it was not obvious to those skilled in the art, and that the problem existed for many years before it was solved by this alleged invention. Neither are we unmindful of the fact that a very simple change in construction may involve invention of the highest order. Nevertheless, we are inclined to think that in all probability the desirability of allowing the dipper to be raised to the height of the boom, thus permitting better results in tunnel work, was not realized for many years by those skilled in the art, but that, when realized, it was obvious that, by changing the conventional position of the sheave, as appellants did, the desired result would be accomplished, and this required only mechanical skill.

Having found that there was no invention in appellants' position of the sheave, as disclosed in their application, we are clear that none of the elements of appellants' claims, either singly or in combination, constitute invention, for the reasons stated in the Examiner's statement found in the record.

The decision of the Board of Appeals is affirmed.

Affirmed.