42 C.C.P.A.(Patents)
**Application of Albert F. PIO.**
**Patent Appeal No. 6057.**

United States Court of Customs and
Patent Appeals.
Dec. 21, 1954.

Leonard L. Kalish, Philadelphia, Pa.,
for appellant.

E. L. Reynolds, Washington, D. C.,
(S. W. Cochran, Washington, D. C., of
counsel), for Commissioner of Patents.

Before O'CONNELL, Acting Chief
Judge, and JOHNSON, WORLEY and
COLE, Judges.

COLE, Judge.

Albert F. Pio has appealed here from
a decision of the Board of Appeals of
the United States Patent Office affirm-
ing the Primary Examiner's rejection
for lack of invention of claims 4, 8, 9,
11 and 13 of his application for a patent
on subject matter relating to bottle con-
struction.

Appellant's device is a bottle having
a plurality of surfaces or bases upon
which it may be selectively supported
in either of several non-dispensing posi-
tions, or in a dispensing position where-
by the contents of the bottle may be
poured without having to lift the bottle
from its supporting means. This con-
struction is designed to facilitate the
pouring of liquids from fairly heavy bot-
tles.

Structural details of the alleged in-
vention are well illustrated by claims
4 and 11, which are representative of
those on appeal, and read as follows:

"4. A bottle adapted to rest up-
on a supporting surface selectively
on one of a plurality of support-
contacting portions or bases, said
bottle including a rectangular sup-
port-contacting bottom-portion, a
rectangular support-contacting in-
termediate side-portion disposed at
an angle to said bottom-portion and
a support-contacting curvilineal-
portion extending from said side-
portion, a handle whereby to con-
trol the movement of said bottle
when supported on the said cur-
vilineal-portion said bottle adapted
to retain its contents when sup-
ported on the bottom-portion or on
the side-portion but adapted to dis-
pense its contents when supported
on the curvilineal-portion, the line
of intersection between said bottom-
portion and said side-portion being
straight and extending substantial-
ly the full thickness of the bottle
providing a pivot about which said
bottle may be moved on the support-
ing surface from said bottom-por-
tion to said side-portion and back
to said bottom-portion.

"11. A bottle adapted to rest up-
on a supporting surface selectively
on one of a plurality of support-
contacting portions or bases, said
bottle including a rectangular sup-
port-contacting flat bottom-portion,
a rectangular support-contacting
flat intermediate side-portion dis-
posed at an angle to said bottom-
portion and a support-contacting
curvilineal-portion extending from
said flat side-portion, a handle
whereby to control the movement of
said bottle when supported on the
said curvilineal-portion said bottle

adapted to retain its contents when supported on the bottom-portion or on the side-portion but adapted to dispense its contents when supported on the curvilineal-portion;—the center of gravity on the filled bottle being within the vertical projection of the flat intermediate support-contacting side-portion when the latter is horizontal."

Further description of the nature of the device in question is set forth in appellant's brief as follows:

"Appellant's bottle construction comprises a pair of generally parallel broad flat side-walls and a series of interconnecting walls, which collectively may be called 'edge walls.' These include a generally rectangular bottom 'resting' wall or surface, perpendicular to the axis through the center of the neck of the bottle; a second generally rectangular resting wall or surface adjacent to and disposed at an obtuse angle to the bottom; and a curved rocking surface adjacent to and disposed at an obtuse angle to the second resting surface. The interconnecting-wall extending from the bottom resting wall of the bottle opposite to the interconnecting wall on which the aforementioned second resting surface and rocking surfaces are disposed, may be generally curved outwardly.

"A fulcrum-line is formed at the intersection of the bottom resting surface and the second resting surface, and a second fulcrum-line is formed at the intersection of the second resting surface with the curved rocking surface. These two fulcrum-lines extend across the full width of the bottle, as do the bottom resting surface, the second resting surface and the curved rocking surface."

As the foregoing demonstrates, appellant's bottle has a pair of relatively flat and broad opposing side walls, a flat and generally rectangular bottom, an intermediate support or resting surface which is also flat and generally rectangular, and curved sides or portions, one of which sides is adjacent to and disposed at an obtuse angle to the intermediate resting surface and acts as a rocking surface. The bottom resting surface, the intermediate resting surface, and the curved rocking surface and aforementioned fulcrum lines are so related to one another, and to the center of gravity of the bottle, either when filled or only partially filled, that the bottle, when positioned on the intermediate support, will not pour, but, upon being tipped over the second fulcrum line, will begin to dispense the liquid, and will continue to do so as it is tipped further and further over the second fulcrum line until, when rocked on the curvilineal rocking surface, the remaining liquid will finally and completely be dispensed.

In its rejection of the appealed claims, the Board of Appeals relied upon and applied as an anticipating reference the prior art disclosure of the patent to Fuerst for an ornamental design for a bottle, Des. 87,255, issued June 28, 1932. While recognizing that the bottle of the design reference and appellant's bottle differed in several structural respects, the board believed that such differences in appellant's device were without patentable consequence in function, result, or mechanical improvement.

In reviewing the board's action, and considering the appellant's arguments with respect thereto, we think the issue for determination here, reduced to its basic essentials, is simply whether the claimed structure and functional consequences resulting therefrom would have been obvious to the ordinary skilled worker in the art having full knowledge of the disclosure of the Fuerst design.

The Fuerst reference clearly reveals a bottle of similar shape to that outlined by appellant in his claims and drawings. The patentee's bottle has flat side walls, a flat bottom, curved sides, and intermediate flat portions between the

bottom and curved sides, and, in addition, contains small triangular flat portions at the intersection of the bottom and side wall and intermediate support which results in an octagonal bottom and trapezoidal intermediate supports. It is this distinction in shape that, in our opinion, prevents appellant's claims from being directly readable on Fuerst.

It is clear from the drawings of the Fuerst patent that the patentee's bottle will function to dispense liquid in much the same manner as appellant's bottle. As stated by the examiner, and we feel correctly, "the curvilineal side surface is adapted for use as a rolling contact surface, if such use is desirable, when dispensing the container contents." While it appears, as the appellant maintains, that Fuerst's bottle, resting upon one of its trapezoidally shaped resting walls, does not prevent the dispensing of a small amount of liquid from the bottle when it is full, and that such resting wall and the octagonal bottom lack the stability of their rectangular counterparts in appellant's construction, it is our view that to change these support surfaces in Fuerst to rectangular supports of increased area would be entirely obvious if greater stability was desired.

In contending that the structure set forth in the appealed claims is inventive, producing a new, unusual, and inobvious result which would not have occurred to the ordinary worker skilled in the art having the Fuerst design before him, appellant argues that, insofar as the reference discloses any function, such disclosure is wholly accidental and not available to anticipate. In support of this conclusion, appellant has included in the record an affidavit of the reference patentee, Fuerst, which states, in effect, that affiant's bottle was not intended for use as a dispenser by rolling it onto its curved upper portion, and that substantial structural differences exist between the respective bottles which would not have been obvious either to affiant or any other ordinary artisan skilled in the art at the time appellant filed his application. The record abundantly shows that Fuerst is a bottle designer of exceptional talents, having been granted 141 design patents covering designs in the container art, and that he has no interest in the application on appeal.

It is easy for us to determine that Fuerst's curved side in relation to the two flat supporting surfaces constitutes a prominent and major part of his ornamental design, and therefore is not an accidental disclosure, as alleged by appellant, but even if such disclosure were accidental, it would nevertheless suggest a structural device which, with mere mechanical alterations, would better serve to accomplish the obvious result achieved by appellant herein. See In re Bager, 47 F.2d 951, 18 C.C.P.A., Patents, 1094, and In re Seid, 161 F.2d 229, 34 C.C.P.A., Patents, 1039. Similarly, Fuerst's affidavit to the effect that he did not intend his bottle for use as a dispenser is immaterial to the issue, as we are concerned only with whether his disclosure sufficiently anticipates the device of the appealed claims. That Fuerst's bottle will, in fact, function in substantially the same manner as appellant's bottle, producing the same end results, is apparent from a comparative analysis of the structure of the two bottles, and Fuerst does not state otherwise in his affidavit, nor has it been developed to our satisfaction that appellant's bottle brings forth any inventively meritorious operating advantage over that of the reference. Fuerst's opinion, as set forth in his affidavit, as to the nonobviousness of appellant's bottle to the skilled worker in the art, including himself, is a conclusion on the ultimate issue for determination by this court and, despite affiant's disinterested position, we have accorded it all the consideration to which it is entitled. See In re Pierce, 35 F.2d 781, 17 C.C.P.A., Patents, 626, and In re Voit, 152 F.2d 987, 33 C.C.P.A., Patents, 737. See also In re McKen-

na, 203 F.2d 717, 40 C.C.P.A., Patents, 937, for a discussion relating to the office performed by *ex parte* affidavits in patent cases.

It being unnecessary, in the light of the foregoing, to discuss other points raised by the appellant, the decision of the Board of Appeals is affirmed.

Affirmed.

On account of illness, GARRETT, C. J., did not participate in the hearing or decision of this case.