59 CCPA
**Application of Steve J. MRAZ.**

United States Court of Customs and Patent Appeals.

March 9, 1972.

Albert L. Ely, Jr., Cleveland, Ohio (Ely, Golrick & Flynn, Cleveland, Ohio), attys. of record, for appellant.

S. Wm. Cochran, Washington, D. C., for the Commissioner of Patents; John W. Dewhirst, Washington, D. C., of counsel.

Before RICH, ALMOND, BALDWIN, and LANE, Judges, and ROSENSTEIN, Judge, United States Customs Court, sitting by designation.

RICH Judge.

■ This appeal is from the decision of the Patent Office Board of Appeals affirming the rejection of claims 1–4, 7, and 8 [1] in appellant's application serial No. 458,289, filed May 24, 1965, for "Edge De-Burring Roll." We affirm.

### Subject Matter Claimed

Appellant claims apparatus for removing edge burrs from thin metal strips. Such burrs may be formed at the longitudinal edges of strips as a result of slitting or shearing operations used in forming the strips from wider sheet stock. These burrs are asserted to unfit the thin strips for many uses (e. g., for

---

1. Appellant's brief states that his appeal is from a decision affirming the rejection "of all of appellant's claims 1 to 8 * * *." However, the board's decision did not affirm the rejection of claims 5 and 6; indeed, these claims have not been rejected. They have been withdrawn by the examiner from further consideration as drawn to non-elected species, and over the propriety of that determination neither we nor the board have jurisdiction. In re Hengehold, 440 F.2d 1395, 58 CCPA 1099 (1971).

use as the magnetic cores of motors, transformers, and the like), and appellant's specification states that

> For sheet metal less than substantially 0.030 inch thick, * * * de-burring has been done by time-consuming and

expensive hand operation since there was no entirely satisfactory equipment for this purpose.

Appellant's solution to the above problem may be understood from his figures 1 and 2:

[A5355]

In Fig. 1, 10 is the metal strip, 13 and 14 are power-driven feed rolls, and 11 and 12 are opposed de-burring rolls. Fig. 2 is a fragmentary vertical cross-section taken along the line 2-2 in Fig. 1. From it one may see that the edge rolls are fabricated from two parts and that the peripheral groove in which the work pieces are deburred is symmetrical and has a half-angle A. Figures 4 and 5 show alternative groove cross-sections. In Fig. 4 the bottom of the groove is flat, and in Fig. 5 the bottom is rounded, but in each the sides of the groove are angled from the flat, abutting surfaces by the half-angle A, as in Fig. 2.

Claims 1–4 are directed to appellant's de-burring rolls per se. Each of these claims recites an edging roll comprising a pair of individual roll members and means to secure them together with their respective inner ends contiguous to one another. They further require that the mating portions of the roll members define a strip-receiving peripheral

groove with inwardly converging inclined surfaces at an angle, with respect to a plane perpendicular to the axis of the roll member, not exceeding 15° (i. e., the half-angle A. in Fig. 2).[2] Claims 1 and 2 are generic in scope; claim 3 (reciting that the peripheral groove is "V-shaped") is drawn to the species shown in Fig. 2; and claim 4 (reciting that the sides of the peripheral groove have "annular bottom surfaces") is subgeneric to the embodiments shown in Figs. 4 and 5. Claim 7 defines a combination comprising the edging roll of claim 1, means to force an edge of the strip into the groove of the roll, means to feed the strip past the roll, and means to support the roll for rotation about an axis perpendicular to the plane of the strip. Claim 8, which depends from claim 7, adds a second, coplanar edging roll which is used to force the edge of the strip into the peripheral groove of the first roll.

---

2. The maximum angle is said to insure that the burrs are compressed, or

"coined," back into place, rather than abraded.

### The References

The references relied on are:

| | | |
|---|---|---|
| Canda | 1,428,142 | Sept. 5, 1922 |
| Wilson et al. (Wilson) | 2,326,715 | Aug. 10, 1943 |

Wilson is the principal reference. It discloses apparatus for the manufacture of thin metal strips for use in Venetian blinds. Although the Wilson disclosure is primarily concerned with means for center-stretching such strips, prior to being advanced into the center-stretching means, the strips are passed between a pair of "edge rolls" which "are provided for removing the sharp edges or burrs from the side edges of the strip and for centering and guiding the strip into the stretching apparatus * * *." These "edge rolls" are shown in Wilson's Fig. 3, in which the rolls are 10 and the thin metal strip is 7. The half-angle of

[A5356] *Fig. 3*

the V-shaped groove 10a measures about 6° on this drawing, but the specification says nothing about the angle.

Canda teaches that rolls for a ball rolling mill may be formed from a plurality of hardened steel disks secured together by means of bolts. In his Fig. 2, below, each operating surface 5 is partly on each of two adjoining disks.

[A5357] *Fig. 2.*

Furthermore, Canda expressly indicates that his "method of constructing rolls may be applied to other types [of rolls], as for instance, such rolls having V-shaped grooves * * *."

### The Rejection

The examiner rejected claims 1–4, 7, and 8 under 35 U.S.C. § 103 as unpatentable over Wilson in view of Canda. It was his position that

The only difference between Wilson's deburring rolls and the recited rolls is that Wilson's rolls are of a one piece construction while applicant's recited rolls comprise two members releaseably secured together by a series of bolts.

This difference he thought obvious in view of Canda's similar expedient in the ball-rolling apparatus.

The board affirmed the examiner's rejection, stating that

It appears to us that the Wilson et al. teaching of forming rolls 10 is ade-

quate to direct persons of ordinary skill in the art to the use of rotatable edge contacting members having the forming groove angularity claimed. Such teachings have not been challenged by appellant. We agree with the Examiner that it would be obvious to form such rolls of two parts with the separation at the apex of the forming groove. In the formation of such a grooved forming roll the problems of fabrication appear to us to reasonably lead to the use of two abutted parts as the obvious way of providing the required inner sharp angled recess. Machining of the roll 10 of Wilson et al. from an integral blank would present problems which are commonly avoided in the preparation of such shapes by the use of separable parts.

### *Appellant's Arguments*

Appellant makes four arguments. First he argues that the board erred in that it

\* \* \* treated diagrammatic drawings of the principal reference, Wilson et al., as working drawings, scaled the drawings to find a disclosure meeting a critical maximum angular limitation in all of appellant's claims but otherwise not disclosed in the specification of Wilson et al. either as to that critical maximum angle or its function and effect.

In support of this proposition, appellant cites In re Bager, 47 F.2d 951, 952–953, 18 CCPA 1094, 1097–1098 (1931); In re Wilson, 312 F.2d 449, 454, 50 CCPA 827, 834 (1963), and In re Chitayat, 408 F.2d 475, 478, 56 CCPA 1343, 1346 (1969). Second, he argues that

The reliance on Canda \* \* \* assumes the untenable premise that the art knew what appellant alone teaches, namely, the maximum total groove angle permissible for de-burring by coining thin metal strip was 30°, and the problem was merely how to obtain it.

Third, he argues that

\* \* \* the Board wholly overlooked that none of the references, singly or in combination, suggest the combination called for in Claims 7 and 8 \* \* \*.

And fourth, he similarly argues that

\* \* \* the Board wholly overlooked that none of the references, singly or in combination, suggest \* \* \* the specific groove root configuration called for by Claim 4, sub-generic to appellant's embodiment[s] disclosed in Figs. 4 and 5 (R. 15) of appellant's drawings.

### OPINION

■ Answering the first argument, as we said in *Wilson*, supra, "Patent drawings are not working drawings \* \* \*." However, we did not mean that things patent drawings show clearly are to be *disregarded*. In re Bager, also cited by appellant, is an example of a case in which the teachings of patent drawings, even as to features unexplained by the specification, proved dispositive. As this court there said, "Description for the purposes of anticipation can be by drawings alone as well as by words." In *Wilson*, as our opinion emphasizes, the attempted reliance was not only on a patent drawing per se, it was on "a greatly enlarged section of a small drawing obviously never intended to show the dimensions of anything." Here, Fig. 3 in the Wilson reference focuses on the edge rolls, showing them with great particularity and showing the grooves thereon to have an angularity well within the range recited in appellant's claims. Wilson, therefore, shows this aspect of subject matter lying within appellant's claims to be old.

■ Appellant's second argument stresses the criticality of the groove-angle *maximum* recited in his claims. However, claims are unpatentable when

they are so broad as to read on obvious subject matter even though they likewise read on non-obvious subject matter. Here, appellant's claims read on edge rolls having a 6° groove angle and constructed from two mating parts. We have found that Wilson shows an edge roll having a 6° groove angle, and appellant no longer seriously relies on the two-part construction limitation. Appellant's claims are therefore unpatentable under § 103. Appellant's alleged discovery that the maximum groove angle for effective deburring is 30° cannot affect this result.

As for appellant's third argument concerning claims 7 and 8 in particular, we agree with the solicitor that Wilson clearly discloses (in a drawing we have not reproduced) a coplanar pair of edge rolls, means to feed the thin metal strip past the rolls, and, at least implicitly, means for rotationally supporting the rolls. Wilson thus shows the combination in which there is no novelty except the details of the roll of claim 1, which we have already held to be obvious. The added elements of these claims add nothing, so far as patentability is concerned.

As for appellant's fourth argument which is predicated on the annular groove root configuration parallel to the periphery recited in claim 4, the abbreviated record we have on appeal does not indicate that appellant argued that there was any patentable significance to that feature before either the board or the examiner. As we said in In re Touvay, 58 CCPA 809, 811–812, 435 F.2d 1342, 1344 (1971), "Ordinarily we do not consider arguments directed to the significance of a particular limitation at this late stage unless they were raised below." Here, as there, we find that "The circumstances of this appeal do not warrant deviation from this rule."

The decision of the board is affirmed.

Affirmed.