59 CCPA

**Application of Anthony E. LINTNER.**

**Patent Appeal No. 8718.**

United States Court of Customs and Patent Appeals.

May 4, 1972.

Eugene F. Buell, Buell, Blenko & Ziesenheim, Pittsburgh, Pa., William A. Smith, Jr., Smith, Michael, Bradford & Gardiner, Washington, D. C., attorneys of record, for appellant.

S. Wm. Cochran, Washington, D. C., for Commissioner of Patents. Raymond E. Martin, Washington, D. C., of counsel.

Before RICH, ALMOND, BALDWIN and LANE, Associate Judges, and MALETZ, Judge, United States Customs Court, sitting by designation.

LANE, Judge.

This appeal was taken from the decision of the Board of Appeals sustaining the rejection of claims 1–5, all the claims in appellant's application entitled

"Laundry Compositions." [1] The rejection was based on 35 U.S.C. § 103, the examiner concluding that the claimed subject matter would have been obvious to one of ordinary skill in the art. The board agreed, and our review of the record and briefs reveals no error in the board's decision. We accordingly affirm.

## THE INVENTION

The claims are drawn to a laundry composition for use in a washing machine which is a mixture of an organic cationic fabric softener, such as an organic hydrazinium compound, a sequestering phosphate which apparently functions to soften the water introduced into the washing machine, a sugar, an optical brightener, and a water soluble nonionic organic dispersant or detergent which may be a liquid or a solid. In the specification of his application, appellant explains the background and significance of the claimed composition as follows:

> Prior to the present invention no solid composition including detergents, detergent builders and fabric softeners was available. Cationic fabric softeners were generally recognized as being incompatible with detergents and detergent builders and had to be added with the rinse water after detergents had been removed with the wash water. This practice was recognized to have many disadvantages and to create special problems but no alternative was available. For example, addition of fabric softeners in the rinse eliminated the possibility of using certain other desirable rinse additives as well as tending to accumulate on the fabric as a hydrophobic film which reduces absorbency and counteracts subsequent detergent. The present invention eliminates all these problems.

I have discovered a single laundry composition which incorporates detergency, water softening ability, fabric softening, optical bleaching and at the same time eliminates the problems created by the use of a separate fabric softening in the rinse cycle.

Claim 1 is illustrative of the five claims on appeal and, subdivided for clarity, reads as follows:

1. A laundry composition consisting by weight essentially of

about 1% to 10% of a water soluble non-ionic organic dispersant,

about 1% to 5% of an organic cationic fabric softener,

about 15% to 30% of a sugar,

about 60% to 80% of a sequestering phosphate, and

about 0.05% to 0.20% of an optical brightener.

## THE PRIOR ART

The principal reference relied upon is the patent to Germann [2] which discloses the use of a cationic hydrazinium salt fabric softener in conjunction with a nonionic detergent, phosphate, and optical brightener. The hydrazinium cation was found to be compatible with nonionic detergents and detergent builders, such as phosphates, and in contrast to prior softeners, it could be used in the wash cycle along with the other components of the laundry composition. Rheiner et al. [3] (Rheiner) discloses a softening composition for application to textiles which comprises a polyalkylene-polyamine. In one example of the patent, glucose is used in admixture with the amine softening agent. The publication of Speel et al. [4] (Speel) discusses the use of cationic quaternary ammonium compounds as fabric softeners and teaches that sugars may be used in conjunction with the cationic softening

1. Serial No. 576,201 filed August 31, 1966.

2. U.S. Patent No. 2,995,523 issued August 8, 1961.

3. U.S. Patent No. 2,243,980 issued June 3, 1941.

4. Speel et al., Textile Chemicals and Auxiliaries, 2d ed., pp. 390–91, Reinhold Publishing Corp., New York (1957).

agent where "it is desired to increase the actual weight of the fabric while imparting a soft finish effect."

## THE REJECTION

The examiner rejected claims 1–5 under 35 U.S.C. § 103 as obvious from Rheiner and Speel in view of Germann, additionally applying a so-called "Arquads" publication to the rejection of claim 4. The latter reference is not in the record certified to this court. However, the board did not discuss that "Arquads" publication, and the solicitor advises that reliance thereon is unnecessary. We accordingly give no further consideration to this publication. The board treated Germann as the primary reference and held the claims to be unpatentable under 35 U.S.C. § 103 over Germann in view of Rheiner or Speel.

The board's decision is based on three findings. It was found that contrary to the factual assertion of appellant, he was not the first to utilize a cationic softener in conjunction with detergents and detergent builders. Germann solved the problems attendant the use of cationic softeners in the rinse cycle by utilizing a hydrazinium softener, an agent which is compatible with detergents and detergent builders. The board additionally found that the claims read on the hydrazinium softeners disclosed in Germann. Finally, the board held that the teachings in Rheiner and Speel to the effect that a sugar can be used in conjunction with cationic softeners render obvious the use of a sugar with Germann's hydrazinium softeners.

## OPINION

The sole issue before us is whether or not the claimed subject matter on appeal is obvious from the prior art relied upon within the meaning of 35 U.S.C. § 103. The difference between Germann's composition and appellant's is the sugar employed by appellant. Although appellant urges that Germann's solution to the problem faced by appellant rests on the use of a limited class of cationic softeners, the board correctly observed that Germann's hydrazinium softeners are within the purview of all of the claims on appeal. Even were we to assume that the use of other cationic softeners would be nonobvious, the claims on appeal would nevertheless be unpatentable. Claims which are broad enough to read on obvious subject matter are unpatentable even though they also read on nonobvious subject matter. In re Mraz, 455 F.2d 1069, 1073, 59 CCPA (1972). The question becomes whether or not the use of a sugar in the Germann composition would be obvious to one of ordinary skill in the art from Rheiner and Speel.

In Rheiner and Speel, the sugar is apparently used in conjunction with a cationic softener as a filler or weighting agent. The board seemingly held that the per se contemporaneous use of a cationic softener and a sugar is sufficient to suggest the contemporaneous use of a sugar and the specific softener disclosed in Germann. The solicitor contends that the admixture of a sugar with a cationic softener to accomplish a filling or weighting function is ample motivation to add a sugar to the Germann composition for the same purpose, and he argues that a prima facie case of obviousness of the claimed composition is thereby made out. The appellant's position is that the sugar is responsible for the compatibility of the cationic softener and the detergent and detergent builders and is therefore the key to the solution of the problem.[5] Because neither Rheiner nor

---

5. It is not clear whether or not the solicitor challenges this factual assertion. The solicitor does argue that there is no competent evidence of record proving the superiority of appellant's compensation over the prior art compositions relied upon and that there is no evidence sufficient to overcome the alleged prima facie case. The examples in appellant's specification do not appear to focus on the impact of the sugar on the effectiveness or operability of the claimed composition, and, indeed, Germann realizes the same result without using sugar. However, since

Speel recognize this attribute of sugar addition, they are insufficient, appellant concludes, to provide a basis for holding the claimed composition to be obvious.

We agree with the solicitor that the composition herein claimed is prima facie obvious. In determining the propriety of the Patent Office case for obviousness in the first instance, it is necessary to ascertain whether or not the reference teachings would appear to be sufficient for one of ordinary skill in the relevant art having the references before him to make the proposed substitution, combination or other modification. In the present case, we are satisfied that Rheiner and Speel do suggest the use of a sugar with conventional laundry compositions such as that disclosed in Germann. The fact that appellant uses sugar for a different purpose does not alter the conclusion that its use in a prior art composition would be prima facie obvious from the purpose disclosed in the references.

Differences between a patent applicant's and the prior art's motivation for adding an element to a composition may be reflected in the composition ultimate-

ly produced. A claimed composition may possess unexpectedly superior properties or advantages as compared to prior art compositions. In this way, the conclusion of prima facie obviousness may be rebutted and the claimed subject matter ultimately held to be legally nonobvious. However, in the present case we find no basis for disturbing the conclusion of obviousness. The result urged by appellant is the combination of a detergent, detergent builders and a cationic softener in a functional laundry composition thereby overcoming the various problems which arise when these several ingredients are used separately in different cycles of the laundering process. This is the very result achieved by Germann without the sugar. Accordingly, there is no departure from the prior art in terms of the result achieved by the addition of sugar, and the prima facie case of obviousness has not been overcome.

The decision of the board sustaining the rejection of claims 1–5 under 35 U. S.C. § 103 is affirmed.

Affirmed.

our disposition of this case does not hinge on the accuracy of this contention, we

proceed on the assumption that it is in fact correct.