**Application of Albert D. SUMMERS and John A. Wagoner.**

**Patent Appeal No. 8890.**

United States Court of Customs and Patent Appeals.

April 19, 1973.

---

**1388**

Fred S. Lockwood (Greist, Lockwood, Greenawalt & Dewey), Chicago, Ill., William H. Magidson, Columbus, Ohio, Howard J. Barnett, Milwaukee, Wis., attorneys of record, for appellants.

S. Wm. Cochran, Washington, D. C., for Commissioner of Patents; Fred E. McKelvey, Washington, D. C., of counsel.

Before MARKEY, Chief Judge and RICH, ALMOND, BALDWIN, and LANE, Judges.

LANE, Judge.

This is an appeal from the decision of the Board of Appeals, adhered to on reconsideration, sustaining the rejections of claims 1–15 of appellants' application [1] entitled "Lamination of Amylose to Cellulosic Substrate" as unpatentable under 35 U.S.C. § 103. We affirm.

The claims are directed to a method of bonding a preformed amylose film to a cellulosic substrate, such as paper, by wetting either the amylose film or the substrate and laminating under pressure. The resulting laminate is useful as a packaging material.

Claim 1 exemplifies the claims here on appeal and reads as follows:

1. The process of laminating a preformed amylose film to a cellulosic substrate which comprises bringing together a preformed amylose film and a cellulosic substrate in face to face relationship, the contacting surface of at least one of said articles having been wetted with water, and subjecting the resulting element to sufficient pressure of at least about 10 pounds per lineal inch to firmly bond said amylose film to said cellulosic substrate.

The § 103 rejections before us are:

(1) Claims 1, 2, 4 and 5 as obvious from Barger et al. (Barger) [2] taken with Wurzburg et al. (Wurzburg); [3]

(2) Claims 6–9, 11 and 12 as obvious from Barger, Wurzburg and Strawinski; [4] and

(3) Claims 3, 10 and 13–15 as obvious from Barger, Wurzburg, Strawinski and Best et al. (Best). [5]

Wurzburg discloses resilient self-supporting starch films which may be heat-sealed or made adhesive by water-activation. The films find utility, inter alia, in the manufacture of laminates, such as with paper, for packaging material. Wurzburg defines the term "starch" as including "any amylaceous substance" and discloses that such amylaceous films are self-supporting and heat-sealable when compounded in admixture with 50 to 100% based on the weight of the starch of plasticizer (either sorbitol or a mixture of sorbitol and glycerine).

Barger discloses self-supporting films made from amylosic material which is defined as "any mixture of film-forming solids which includes at least 50% by weight of pure amylose or amylose derivatives such as hydroxyethyl amylose, and amylose ethers, esters and anhydrides." The composition extruded into film contains water and may also contain a plasticizer. The resultant film is described by Barger as "strong, flexible, transparent * * *, potentially water soluble and edible." Barger also states that "[d]epending on the ingredients selected, the films can be made water soluble * * *."

## OPINION

The board concluded that it would have been obvious to use the Barger

1. Serial No. 520,047 filed January 12, 1966.

2. U. S. Patent No. 3,243,308 issued March 29, 1966, on an application filed October 23, 1963.

3. U. S. Patent No. 3,071,485 issued January 1, 1963.

4. U. S. Patent No. 2,867,560 issued January 6, 1959.

5. U. S. Patent No. 3,329,523 issued July 4, 1967, on an application filed June 29, 1964.

amylosic film for the starch film of Wurzburg and prepare laminates by the claimed process in accordance with the Wurzburg teachings. Appellants strenuously assert that the Barger films, which are the same as appellants' amylose films, are different from those contemplated by Wurzburg and contend that evidence of record supports that assertion. We do not necessarily disagree with appellants as to the scope of materials encompassed by Wurzburg's definition of "starch" either in Wurzburg's contemplation or in that of one skilled in the art reading Wurzburg's patent specification. Our view is that even if the Barger films are outside the purview of Wurzburg's definition, one of ordinary skill in the art having the Barger and Wurzburg teachings before him would have found them sufficient to suggest the use of the Barger films in the Wurzburg lamination method. See In re Lintner, 458 F.2d 1013, 59 CCPA —— (1972). We have been offered nothing which convinces us to the contrary.

Appellants also urge that there are differences between the Barger and Wurzburg films in actual and potential water solubility. Accepting the existence of such differences, we nevertheless find no teaching in the references which would suggest that the moistening of Barger's films to assist in the preparation of laminates with cellulosic substrates, in the manner disclosed by Wurzburg, would not acually result in such laminates.

Appellants rely upon affidavit evidence of record as demonstrating the need for the application of both moisture and pressure to produce firmly bonded laminates which include an amylosic layer. We agree with the board and solicitor that the application of sufficient pressure to insure bonding would have been obvious to one of ordinary skill in the art. Given the disclosure in Wurzburg of moistening to effect adhesion, we agree that the process defined in claims 1, 2, 4 and 5 would have been obvious from Barger and Wurzburg. The board correctly sustained rejection (1).

Appellants argue the significance of various limitations in the remaining claims, and the solicitor has carefully explained the manner in which the references would apply under 35 U.S.C. § 103 to those claims. We have considered the various arguments presented, but we are in agreement with the Patent Office position. Once it has been determined that it would have been obvious to manufacture laminates by the method defined in claim 1, we think the prior art as applied clearly establishes the obviousness of the additional limitations imposed in the other claims. The board's action in sustaining rejections (2) and (3) was also correct.

For the reasons set forth herein, the decision of the Board of Appeals is *affirmed*.

Affirmed.