847 F.2d 841
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
In re Ole K. NILSSEN.
 No. 88-1139.
 United States Court of Appeals, Federal Circuit.
 April 14, 1988.
 
 Before MARKEY, Chief Judge, DAVIS and EDWARD S. SMITH, Circuit Judges.
 DAVIS, Circuit Judge.
 
 DECISION
 
 1
 This is an appeal from the decision of the Patent and Trademark Office (PTO) Board of Patent Appeals and Interferences (Board) affirming the patent examiner's final rejection of the claims in appellant's application, Serial No. 471,132, as being unpatentable over prior art under 35 U.S.C. Sec. 103. We affirm.
 
 OPINION
 
 2
 The claimed invention is a track lighting system in which the power applied to the lighting receptacles has a frequency substantially higher (e.g. 30 kHz) than that of regular 60 Hz power lines. High frequency, 120 V current is supplied to the track conductors via a power-line operated inverter. This system is advantageous for operating both low voltage incandescent lamps (such as quartz-halogen lamps) and fluorescent lamps because it permits the use of lighter, less costly step-down transformers in the receptacles. The system also permits the operation of several different types of lamps, including conventional 120 V incandescent lamps, on the same tracks.
 
 
 3
 The Board found the claimed invention to have been obvious under 35 U.S.C. Sec. 103 in view of the following prior art: (1) United States Patent 4,207,498 (Spira) discloses a system for energizing multiple fluorescent lamps or high intensity gas discharge lamps with high frequency voltage provided by conductors via a single inverter which is powered by a 60 Hz power supply. There is no mention of the use of this system for track lighting. (2) United States Patent 4,414,617 (Galindo) discloses a versatile track lighting system. It is representative of many systems in the crowded art of track lighting. It discloses all of the elements in Nilssen's claims that are hardware for track lighting: track means, track conductors, receptacle means, and lighting units disconnectably fastened to the track means and track conductors. The Board found that "[i]n view of the well known versatility associated with track lighting systems as stated in Galindo, it would have been prima facie obvious to provide the Spira high frequency energizing system, particularly for short length conductors, in a track version."
 
 
 4
 The appellant's main legal objections challenge (1) the finding that the examiner has made a prima facie case of obviousness; (2) whether the cited references provide motivation for combining them; (3) the level of ordinary skill in the art used by the Board in its determination of obviousness; and (4) the competence of the members of the Board.
 
 
 5
 Appellant's objections to the sufficiency of the prima facie case of obviousness run contrary to established law. "Prima facie case" is a well defined legal term meaning a showing that includes all the necessary legal elements and is entitled to prevail unless it is rebutted. The Patent and Trademark Office makes a prima facie showing of obviousness by presenting evidence that "the reference teachings would appear to be sufficient for one of ordinary skill in the relevant art having the references before him to make the proposed substitution, combination or other modification." In re Lintner, 458 F.2d 1013, 1016, 173 USPQ 560, 562 (CCPA 1972). Appellant concedes that appropriate modification and combination of Spira and Galindo could yield the claimed invention.
 
 
 6
 The references must also contain, either explicitly or implicitly, some reason or motivation why one skilled in the art would chose to combine the teachings of the references to make the claimed invention. In re Clinton, 527 F.2d 1226, 1228, 188 USPQ 365, 367 (CCPA 1976). The examiner provided the requisite motivation to combine the references by citing statements in the references that suggest that the use of the Spira system for track lighting is feasible and advantageous. The Spira patent also discloses the energizing of multiple lighting units; multiple units are usually used in track lighting. Spira teaches that the system permits each receptacle to have a smaller, less expensive ballast. Spira likewise teaches that incandescent lamps can be used in this system, and that any type of connection between the inverter and the lamps can be used as long as the distance is short. Galindo discloses the general versatility and desirability of track lighting systems. Within the references cited by the examiner there is sufficient material that would suggest to one having ordinary skill in the art that combining them would be feasible and desirable. This is fully sufficient to make a prima facie showing of obviousness. See In re Sovish, 769 F.2d 738, 742, 226 USPQ 771, 774 (Fed.Cir.1985). In addition, the Solicitor's brief demonstrates that the opinion of the Board fully complies with the requirements of Graham v. John Deere Co., 383 U.S. 1, 17-18, 148 USPQ 459, 467 (1966).
 
 
 7
 Once the PTO makes a prima facie showing of obviousness, the burden shifts to the applicant to present evidence that rebuts obviousness. In re Piasecki, 745 F.2d 1468, 1472, 223 USPQ 785, 788 (Fed.Cir.1984). This can be done by introducing objective evidence of nonobviousness, such as evidence of commercial success, unexpected results, failure of others who tried to solve the problem, etc. Graham, 383 U.S. at 17-18, 148 USPQ at 467; In re Sernaker, 702 F.2d 989, 996, 217 USPQ 1, 7 (Fed.Cir.1983). However, the objective evidence of nonobviousness must be objective factual evidence, and not merely argument or conclusory statements of the applicant. In re de Blauwe, 736 F.2d 699, 705, 222 USPQ 191, 196 (Fed.Cir.1984). Factual evidence can be in the form of patents, publications in the relevant art, data from tests or experiments and affidavits of persons skilled in the art submitted under 37 C.F.R. 1.132. Appellant has not submitted any objective factual evidence of nonobviousness to rebut the prima facie showing of obviousness.
 
 
 8
 A showing of prima facie obviousness may also be defective where the references to be combined are from such diverse arts (i.e. either or both are nonanalogous art to the claimed invention) that a person having ordinary skill in the claimed art would not look to those arts to solve the problem treated by the claimed invention. In re Pagliaro, 657 F.2d 1219, 1224, 210 USPQ 888, 892 (CCPA 1981). Appellant seems to be making such an argument, arguing the Spira lighting system is from an art that one having ordinary skill in the track lighting field would not consult. However, the pertinent art includes not only art directly in the inventor's field of endeavor, but also any art that is "reasonably pertinent to the particular problem with which the inventor was involved." In re Deminski, 796 F.2d 436, 442, 230 USPQ 313, 315 (Fed.Cir.1984). The Board correctly found that the field of track lighting is not limited to incandescent lighting, and that the Spira reference (concerning gas discharge lighting) was applicable to the field of track lighting and pertinent to the problem with which the inventor was involved, the cost and weight of transformers for fluorescent lighting.
 
 
 9
 Obviousness is determined in terms of the level of skill of a person having ordinary skill in the art at the time the invention was made. 35 U.S.C. Sec. 103; Graham, 383 U.S. at 17-18, 148 USPQ at 467. The appellant's attack on the standard used by the Board (and the courts) in determining that level is without merit. Contrary to appellant's assertions, the standard is objective, not subjective, even though it is phrased in terms of a hypothetical person. The standard aims to determine a level of skill that is fairest in terms of the intent of the statute. See Standard Oil Co. v. American Cyanamid Co., 774 F.2d 448, 454, 227 USPQ 293, 297 (Fed.Cir.1985). A number of relevant factors are considered to determine that level. Environmental Designs, Ltd. v. Union Oil Co., 713 F.2d 693, 696, 218 USPQ 865, 868-69 (Fed.Cir.), cert. denied, 464 U.S. 1043 (1984). Appellant's error is in insisting that pertinent art is limited to track lighting. The pertinent art extends to related lighting applications, and can fairly encompass the Spira patent. Appellant is wrong in complaining that the hypothetical person having ordinary skill in the art envisions a person with "quadrillions of ... combinations attainable from the tens of thousands of references ("hypothetically") dancing around in his mind" (emphasis in original). The person of ordinary skill is presumed to have access to the entire art not because he unrealistically carries the entire art in his head but because he knows how to find information in the art by researching accessible sources including the patent literature.
 
 
 10
 Appellant's attack on the qualifications of the members of the Board is improper, In re Harry, 231 USPQ 984 (Comm'r Pat.1986) and impertinent. The opinion of the Board clearly shows that it understood the claimed inventions and properly applied the law in finding them to have been obvious under 35 U.S.C. Sec. 103.